UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAUN STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:13-cv-982-JMS-DKL |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Order Severing Misjoined Claims and
Directing the Opening of New Civil Actions**

**I.**

This action was removed from the Madison County Circuit Court.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that A[u]nrelated claims against different defendants belong in different suits.@ Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. The complaint of Shaun Steele violates the misjoinder of claims limitation of Rule 20(a) of the *Federal Rules of Civil Procedure*. The violation here consists of the diversity of claims against the multitude of defendants. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006)("Misjoinder [under Rule 21] . . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction.").

In such a situation, A[t]he court may . . . sever any claim against a party.@ FED. R. CIV. P. 21. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than

dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). That is the remedy which will be applied to the complaint.

Specifically, in this civil rights action brought under 42 U.S.C. § 1983, the plaintiff has asserted claims concerning incidents that involved different defendants, occurred at different times, and even at different prisons. He has named ten defendants: 1) Indiana Department of Correction ("IDOC"); 2) Commissioner Bruce Lemmons; 3) Superintendent Wendy Knight; 4) Correctional Industrial Facility ("CIF"); 5) Assistant Superintendent Tim Purcell; 6) Dr. Diana Elrod; 7) Corizon; 8) Deputy Commissioner Michael Osborn; 9) Director of Medical at Miami Correctional Facility; and 10) Director of Medical CIF.

For purposes of this Entry, the Court discerns and summarizes plaintiff's claims as follows:

Claim 1 - **Conditions Claims -** Plaintiff alleges that the conditions of his confinement at CIF were constitutionally inadequate. His cell at CIF did not have a toilet or wash bowl. Such alleged conditions include the denial of access to a toilet for extended periods of time, having to defecate and urinate in his cell, excessive heat, lack of fresh air, denial of drinking water, and lack of adequate space in his cell. He seeks compensatory damages and injunctive relief. This claim is brought against Superintendent Wendy Knight.

Claim 2 – **Medical Claim –** Plaintiff alleges that he needs treatment for "Hep. C." He alleges that the defendants intentionally transferred him so that his evaluation could be interrupted and the expense of antiviral treatment could be avoided pursuant to policy. He further alleges that Dr. Elrod at the CIF removed plaintiff from the chronic care list and has not treated him for his "Hep. C" and a heart condition. He further alleges that on June 22, 2011, he informed Dr. Elrod that he was experiencing a lot of pain in his back and leg. He requested a bottom bunk pass or something to provide more support but Dr. Elrod allegedly failed to examine his leg and

back or his medical file, and denied him any assistance. He seeks compensatory and punitive damages. For purposes of severing claims, the Court discerns that this claim is also brought against Corizon.

Claim 3 – **Access to Court** – Plaintiff alleges that he was unable to file a request for transfer to the Indiana Supreme Court (due November 18, 2012), after his post-conviction appeal because the CIF law library was closed October 25, 2012, and he was not able to access legal materials until December 7, 2012. He further alleges that he was unable to timely respond to the motion for default in another civil complaint. He seeks compensatory damages and reimbursement for the impeded litigation. For purposes of severing claims, the Court discerns that this claim is brought against Superintendent Wendy Knight.

**II.**

Section 1983 liability requires a defendant's personal involvement in the alleged constitutional violation. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). No allegations of wrongdoing are alleged against IDOC, Bruce Lemmons, Tim Purcell, Michael Osborn, the Medical Director of the Miami Correctional Facility, and the Medical Director of the CIF. In addition, CIF is a structure, not a "person" for purposes of 42 U.S.C. § 1983. Therefore, these defendants, IDOC, Bruce Lemmons, Tim Purcell, Michael Osborn, the Medical Director of the Miami Correctional Facility, the Medical Director of the CIF, and CIF shall be **dismissed** from the action before the cases are severed.

**III.**

Consistent with the foregoing, the medical claim asserted against Dr. Elrod and Corizon and the denial of access to the court claim asserted against Superintendent Wendy Knight are **severed from the original complaint.**

To effectuate this ruling, two new civil actions from the Indianapolis Division shall be opened, consistent with the following:

a. Shaun Steele shall be the plaintiff in each of the newly opened actions.

b. The Nature of Suit in each of the newly opened actions shall be 555.

c. The Cause of Action of each of the newly opened actions shall be 42:1983pr.

d. The complaint in this action shall be filed and re-docketed as the complaint in each of the newly opened actions (pages 21-29 of docket 1).

e. A copy of this Entry shall be docketed in the newly opened actions.

f. This action and each of the newly-opened actions shall be shown with this action and with each other as linked actions.

g. The defendants in the first of the newly opened actions, asserting the medical claim 2, shall be Dr. Elrod and Corizon.

h. The defendant in the second of the newly opened actions, asserting the denial of access claim 3, shall be Superintendent Wendy Knight.

The original action docketed as No. 1:13-cv-982-JMS-DKL, asserting claim 1 related to the conditions of confinement, shall proceed against Superintendent Wendy Knight.

## IV.

Claims in the newly-opened actions are distinct from those in this action and from each other.

Consistent with the determination and ruling made in Part II of this Entry, all claims against IDOC, Bruce Lemmons, Tim Purcell, Michael Osborn, the Medical Director of the Miami Correctional Facility, the Medical Director of the CIF, and CIF are dismissed with prejudice.

Defendants Dr. Elrod and Corizon are **terminated** in this action.

**V.**

When this action was removed, the plaintiff's motion to proceed *in forma pauperis* was not included in the state record that was filed in this Court. Counsel for the defendants who have already appeared in this action shall have **through July 8, 2013,** in which to **file in each of the newly opened actions the plaintiff's original motion to proceed** *in forma pauperis*.

**VI.**

The defendants' deadline to file a responsive pleading is **extended until further order.** The Court will screen the complaint in each action pursuant to 28 U.S.C. § 1915A after the cases are severed.

**IT IS SO ORDERED.**

Date: 06/28/2013

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun Steele
994225
Correctional Industrial Facility
Inmate Mail/Parcels
5124 W. Reformatory Rd.
Pendleton, IN 46064

All electronically registered counsel

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.