UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAUN STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:13-CV-00982-JMS-DKL |
| | ) |
| INDIANA DEPARTMENT | ) |
| OF CORRECTION, *et al.*, | ) |
| | ) |
| Defendant(s). | ) |

## MOTION FOR SUMMARY JUDGMENT

Defendant Wendy Knight ("Defendant"), by counsel, Grant E. Helms, Deputy Attorney General, respectfully requests the Court to enter summary judgment in her favor pursuant to FED. R. CIV. P. 56 and Local Rule 56-1, as there is no genuine issue of material fact and the Defendant is entitled to judgment in her favor as a matter of law. In support of this Motion, Defendant states the following:

1. Plaintiff Shaun Steele brought his claims against various Department of Correction officials, but the Court severed misjoined claims on June 28, 2013 (DE 6), and then screened the remaining claims pursuant to 28 U.S.C. § 1915A(b) (DE 12).

2. The Plaintiff has alleged that the conditions of his confinement at the Correctional Industrial Facility were unconstitutional because he was denied access to a toilet for extended periods of time, there was excessive heat, and a lack of fresh air and space. (*See* DE 12 at 1.) Constitutional claims are, of course, brought pursuant to 42 U.S.C. § 1983.

3. The Defendant answered Plaintiff's Complaint on September 30, 2013.

4. The Defendant has presented the affirmative defense that the Plaintiff failed to exhaust his administrative remedies at the facility before filing the lawsuit.

5.      The Prison Litigation Reform Act ("PLRA") provides that prisoners must first exhaust all available administrative remedies at the facility before the prisoner may properly bring a § 1983 claim. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 204 (2007).

6.      The Plaintiff has failed to exhaust his administrative remedies established through Correctional Industrial Facility's grievance procedure for the allegations at issue.

7.      Therefore, there is no genuine issue of material fact, the Defendant is entitled to judgment as a matter of law, and the case should be decided in the Defendant's favor.

8.      In support of this Motion, the Defendant submits and designates the following evidence, all of which is incorporated herein by reference:

    a)    the Complaint;

    b)    the Affidavit of Executive Assistant Matt Worthman;

    c)    Plaintiff's full Grievance History;

    d)    Plaintiff's Grievance # 72499 and related documents; and

    e)    the Department of Correction Grievance policy, # 00-02-301.

9.      The Defendant has contemporaneously filed a Memorandum supporting this Motion, which is incorporated herein by reference.

WHEREFORE, the Defendant respectfully requests this Court to grant her Motion for Summary Judgment and to grant all other just and proper relief.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana
Atty. No. 1958-98

By:    */s/ Grant E. Helms*
        Grant E. Helms
        Deputy Attorney General
        Atty. No. 29953-49

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been duly served upon the parties and/or counsel of record listed below, by United States mail, first-class postage prepaid, on November 6, 2013.

Shaun L. Steele
IDOC# 994225
Correctional Industrial Facility
5124 W. Reformatory Road
Pendleton, IN 46064

        */s/ Grant E. Helms*
        Grant E. Helms
        Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6304
Facsimile: (317) 232-6289
E-mail: grant.helms@atg.in.gov