UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAUN STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:13-CV-00982-JMS-DKL |
| ) | |
| INDIANA DEPARTMENT ) | |
| OF CORRECTION, *et al.*, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Wendy Knight ("Defendant"), by counsel, Grant E. Helms, Deputy Attorney General, respectfully requests the Court to enter summary judgment in her favor pursuant to FED. R. CIV. P. 56 and Local Rule 56-1, as there is no genuine issue of material fact and the Defendant is entitled to judgment in her favor as a matter of law.

Plaintiff Shaun Steele, a *pro se* offender currently incarcerated at the Correctional Industrial Facility, has sued Defendant Wendy Knight under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. Specifically, he claims that the conditions of his confinement during a lockdown at the facility were unconstitutional because he was denied access to a toilet for extended periods of time, there was excessive heat, and a lack of fresh air and space in his cell. (*See* DE 12 at 1.)

In her Answer, Knight presented the affirmative defense that Steele has not provided evidence that he has exhausted his administrative remedies at the facility and that he indeed has not exhausted. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that a prisoner must first exhaust her available administrative remedies before filing a lawsuit in court.

Steele has failed to do this, and his Complaint should therefore be dismissed and judgment entered in favor of the Defendant.

## I.   STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

The designated evidence demonstrates:

1. The Plaintiff's allegations stem from lockdowns occurring at various points in time, including December 16, 2011, and July 5, 2012. (Complaint at 3, 4.)

2. The Plaintiff claims that during these periods of lockdown, he was prevented from being let out of his cell to use the restroom, that his cell was excessively hot, and that he was not given water or ice. (Complaint at 3, 4.)

3. Steele submitted a grievance about the conditions of confinement at issue in this lawsuit on July 5, 2012. (Grievance # 72499; Affidavit Matt Worthman, ¶ 6.)

4. The facility accepted Steele's grievance. (Aff. Worthman, ¶ 6.)

5. The facility responded to Grievance # 72499 by denying it and informing Steele that the remedy sought through the grievance was beyond the scope of the grievance process. (Aff. Worthman, ¶ 7.)

6. Steele did not appeal the denial of Grievance # 72499. (Aff. Worthman, ¶ 8; Grievance History at 1.)

7. Department of Correction policy provides that no grievance or appeal will be rejected because an offender seeks an improper or unavailable remedy. (Aff. Worthman, ¶ 10; Offender Grievance policy at 6.)

8. The facility would have accepted an appeal to Grievance # 72499 despite the fact that the remedy Steele sought was beyond the scope of the grievance process. (Aff. Worthman, ¶ 9.)

9. If they were warranted, the remedies that could have been provided to Steele include instruction to correctional staff on restroom procedures, adjusting the restroom schedules, providing more water to offenders during lockdown, or generally reviewing procedures for offender restroom breaks and supplies during a lockdown. (Aff. Worthman, ¶ 11.)

10. The Department of Correction grievance policy contemplates grievances based on staff conduct or inaction, as well as complaints related to conditions of confinement. (Offender Grievance policy at 5.)

11. A grievance that does not comply with the grievance policy is not accepted by the facility, is rejected, and is then returned to the offender along with State Form 45475 and an explanation of why the grievance is noncompliant and rejected. (Offender Grievance policy at 19.)

12. The Department of Correction grievance policy includes three steps: an informal complaint, a formal, written grievance, and an appeal. (Aff. Worthman, ¶ 3; Offender Grievance policy at 4, 5.)

13. These three steps are all required to be completed before an offender has exhausted the grievance process; an offender who is satisfied with the result of a grievance at any step need not continue with the process. (Aff. Worthman, ¶ 4; Offender Grievance policy at 4, 5.)

14. The Plaintiff did not complete the Department of Correction grievance process for the incidents at issue here. (Aff. Worthman, ¶ 12; Grievance History.)

## II.  SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure allows a party to move for summary judgment if she can demonstrate to the court that there is no genuine issue of material fact and that the moving party is entitled to judgment in her favor as a matter of law.  FED. R. CIV. PRO. 56(a).  "The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee,* 246 F.3d 927, 932 (7th Cir. 2001).  "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted).  The substantive law underlying the claim defines which facts are material, and the Court should only refrain from granting the motion when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. PRO. 56(c)(1).  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. PRO. 56(c)(4).

### III.     ARGUMENT: STEELE HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES, WHICH BARS HIS CLAIMS.

The PLRA, in pertinent part, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA was enacted to allow prison officials an opportunity to resolve, informally, disputes that inmates may have before they are brought into court and was intended to "reduce the quantity and improve the quality of prisoner suits." *Woodford v. Ngo*, 548 U.S. 81, 94 (2006) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

Prisoners are required properly to exhaust all available administrative remedies before filing a lawsuit relating to prison conditions. *Woodford,* 548 U.S. at 93. This demands compliance with an agency's deadlines and procedural rules. *Id.* at 90. A prisoner who fails to take each step in the process has failed to exhaust. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "Failure to do what the state requires bars, and does not just postpone, suit under § 1983." *Id.*

Further, an inmate is required to pursue her claim through the final step of the grievance process in place at her correctional facility, irrespective of the remedy she seeks. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Congress has mandated that an offender must pursue the entire grievance process available, whether or not the responses that the offender might receive cover the specific remedy the offender desires. *Id.* at 738. Exhaustion is mandatory under the PLRA, and unexhausted claims cannot be brought in court. *Jones v. Bock,* 549 U.S. 199, 204 (2007).

The evidence establishes that Steele has failed to exhaust the administrative remedies available to him at Correctional Industrial Facility.  Steele did file a Level I Grievance about the conditions of confinement at issue here. (Material Facts, ¶ 3.)  That grievance was accepted by the facility. (Material Facts, ¶ 4.)  It was not rejected by the facility, and if the grievance were somehow noncompliant with the facility's grievance policy, it would have been returned to Steele with an explanation as to why it did not comply with policy. (Material Facts, ¶ 11.)  Steele did not appeal Grievance # 72499 that was denied. (Material Facts, ¶ 6.)  Steele could have appealed that grievance, and the facility would have accepted it. (Material Facts, ¶ 8.)  This is so despite the fact that the grievance was denied because the remedy Steele sought was beyond the scope of the grievance process. (Material Facts, ¶ 8.)  Indeed, in order to complete the grievance process, Steele was *required* to appeal the denied grievance to the final authority. (Material Facts, ¶ 13.)

Some of the remedies that could have resulted from Steele's appeal include instruction to correctional staff on restroom procedures, adjusting the restroom schedules, providing more water to offenders during lockdown, or generally reviewing procedures for offender restroom breaks and supplies during a lockdown. (Material Facts, ¶ 9.)  The grievance policy does contemplate grievances related to staff conduct and the conditions of an offender's confinement, which is what Steele's grievance addressed. (Material Facts, ¶¶ 2, 10.)  And no grievance is rejected by the facility simply because the remedy sought is unavailable to the offender or otherwise improper. (Material Facts, ¶ 7.)  Completing the entire grievance process even though a remedy may be improper or unavailable is part of the process itself and must occur in order to exhaust the available remedies.

The grievance process established by the Department of Correction includes an informal complaint, a formal grievance, and a formal appeal – all of which must be followed through to completion in order for a prisoner to exhaust her administrative remedies at the facility. (Material Facts, ¶¶ 12, 13.) Steele failed to do this for the claims he has raised. (Material Facts, ¶ 14.) He has, therefore, failed to exhaust his administrative remedies. The PLRA requires an offender to exhaust those remedies even if the relief the offender seeks is unavailable or beyond the scope of the process. *Booth*, 532 U.S. at 738. Steele's claims are barred by the PLRA and should be dismissed.

## IV. CONCLUSION

Based on the undisputed facts, designated evidence, and the legal authorities supporting his position, the Defendant respectfully requests that this Court grant summary judgment in her favor against the Plaintiff, dismiss this case, and grant all other just and proper relief.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana
Atty. No. 1958-98

By:    */s/ Grant E. Helms*
      Grant E. Helms
      Deputy Attorney General
      Atty. No. 29953-49

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing has been duly served upon the parties and/or counsel of record listed below, by United States mail, first-class postage prepaid, on November 6, 2013.

Shaun L. Steele
IDOC# 994225
Correctional Industrial Facility
5124 W. Reformatory Road
Pendleton, IN 46064

                                                                      /s/ Grant E. Helms
                                                                      Grant E. Helms
                                                                      Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone:  (317) 232-6304
Facsimile:  (317) 232-6289
E-mail:  grant.helms@atg.in.gov