**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| SHAUN STEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:13-CV-00982-JMS-DKL |
| ) | |
| INDIANA DEPARTMENT ) | |
| OF CORRECTION, *et al.*, ) | |
| ) | |
| Defendant(s). ) | |

**NOTICE REGARDING RIGHT TO RESPOND TO AND SUBMIT
EVIDENCE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Defendant Wendy Knight has filed a motion seeking summary judgment. This means that she seeks to have some part or all of this lawsuit decided against you without a trial. This motion is based on the evidence presented in the affidavits and documents attached to or referenced in the motion for summary judgment or based on the argument that you are unable to offer admissible evidence in support of your claim.

You have the right to file a response to the motion. Each of the facts stated in the "Statement of Material Facts Not in Dispute" which accompanies the motion for summary judgment will be accepted by the court as being true unless you submit your own affidavits or other admissible evidence disputing those facts. Your response may also dispute the admissibility of the evidence relied on in support of the motion for summary judgment. *However, a failure to properly respond will be the same as failing to present any evidence in your favor at a trial.*

You must file and serve a copy of your response to the motion for summary judgment by December 6, 2013, or by other such date ordered by the court. If you need more time to respond,

1

you must file a motion with the court asking for more time before the deadline expires. The court may, but is not required to, give you more time.

Your response must also comply with all other portions of Federal Rule of Civil Procedure 56, and with Local Rule 56-1, copies of which are attached. Please note that for these rules you are considered a "party," the "non-moving party," and/or the "non-movant."

**Federal Rule of Civil Procedure 56. Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

    **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in

evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    **(1)** defer considering the motion or deny it;
    **(2)** allow time to obtain affidavits or declarations or to take discovery; or
    **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    **(1)** give an opportunity to properly support or address the fact;
    **(2)** consider the fact undisputed for purposes of the motion;
    **(3)** grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
    **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

    **(1)** grant summary judgment for a nonmovant;
    **(2)** grant the motion on grounds not raised by a party; or
    **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**Local Rule 56-1 – Summary Judgment Procedure**

**(a) Movant's Obligations.** A party seeking summary judgment must file and serve a supporting brief and any evidence (that is not already in the record) that the party relies on to support the motion. The brief must include a section labeled "Statement of Material Facts Not in Dispute" containing the facts:

    **(1)** that are potentially determinative of the motion; and

**(2)** as to which the movant contends there is no genuine issue.

**(b) Non-Movant's Obligations**. A party opposing a summary judgment motion must, within 28 days after the movant serves the motion, file and serve a response brief and any evidence (that is not already in the record) that the party relies on to oppose the motion. The response must include a section labeled "Statement of Material Facts in Dispute" that identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment.

**(c) Reply.** The movant may file a reply brief within 14 days after a response is served.

**(d) Surreply.** A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

**(e) Citations to Supporting Facts.** A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. The evidence must be in the record or in an appendix to the brief. The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.

**(f) Court's Assumptions About Facts.** In deciding a summary judgment motion, the court will assume that:

> **(1)** the facts as claimed and supported by admissible evidence by the movant are admitted without controversy except to the extent that:
>
>> **(A)** the non-movant specifically controverts the facts in that party's "Statement of Material Facts in Dispute" with admissible evidence; or
>>
>> **(B)** it is shown that the movant's facts are not supported by admissible evidence; or
>>
>> **(C)** the facts, alone or in conjunction with other admissible evidence, allow the court to draw reasonable inferences in the non-movant's favor sufficient to preclude summary judgment.
>
> **(2)** facts that a non-movant asserts are true to the extent admissible evidence supports them.

**(g) Stipulation to Facts.** The parties may stipulate to facts in the summary judgment process, and may state that their stipulations are entered only for the purpose of the motion for summary judgment and are not intended to be otherwise binding.

**(h) No Duty to Search Record.** The court has no duty to search or consider any part of the record not specifically cited in the manner described in subdivision (e).

**(i) Collateral Motions**. The court disfavors collateral motions—such as motions to strike— in the summary judgment process. Any dispute over the admissibility or effect of evidence must be raised through an objection within a party's brief.

**(j) Oral Argument or Hearing**. The court will decide summary judgment motions without oral argument or hearing unless the court otherwise directs or grants a request under S.D. Ind. L.R. 7-5.

**(k) Notice Requirement for *Pro Se* Cases**. A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix A.

**(l) Compliance**. The court may, in the interest of justice or for good cause, excuse failure to comply strictly with this rule.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been duly served upon the parties and/or counsel of record listed below, by United States mail, first-class postage prepaid, on November 6, 2013.

Shaun L. Steele
IDOC# 994225
Correctional Industrial Facility
5124 W. Reformatory Road
Pendleton, IN 46064


                                         */s/ Grant E. Helms*
                                         Grant E. Helms
                                         Deputy Attorney General


OFFICE OF ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6304
Facsimile: (317) 232-6289
E-mail: grant.helms@atg.in.gov