# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAUN STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:13-CV-00982-JMS-DKL |
| | ) |
| INDIANA DEPARTMENT | ) |
| OF CORRECTION, *et al.*, | ) |
| | ) |
| Defendant(s). | ) |

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Wendy Knight ("Defendant"), by counsel, Grant E. Helms, Deputy Attorney General, replies in support of her Motion for Summary Judgment and respectfully requests the Court to enter summary judgment in her favor pursuant to Fed. R. Civ. P. 56 and Local Rule 56-1, because there remains genuine issue of material fact and the Defendant is entitled to judgment in her favor as a matter of law.[1]

Steele's response in opposition to summary judgment does not demonstrate that he completed the grievance procedure at the Correctional Industrial Facility in order to exhaust his administrative remedies fully. Because he has not complied with this requirement, his suit is barred by the Prison Litigation Reform Act ("PLRA").

Steele is evidently familiar with the requirements of the Department of Correction's ("DOC") grievance policy, including appeals, because the evidence demonstrates that he has lodged grievances and appealed them fully in the past. (*See, e.g.,* History of Grievances at 1.) Further, he explains his familiarity with the grievance procedure in his Response in Opposition

---

[1] Although this Reply was to be filed on or around January 24, 2014, on that afternoon the Court's CM/ECF system was offline, and electronic filing was not functional. The Plaintiff, however, is not prejudiced by filing the Reply on the next business day.

1

to Summary Judgment.  What he has not demonstrated, however, is his actual compliance with the grievance appeal process or even his attempts to do so.  Steele mentions that he lodged a grievance about the incident at issue but never received a response from the facility.  (Brief in Opposition, DE 24, at 3.)   DOC grievance policy, however, provides that if an offender does not receive a response in the appropriate timeframe after submitting the grievance, the offender may then appeal as though the grievance had been denied.  (Grievance Policy 00-02-301 at 23.)  Steele's allegation that staff violated the grievance policy by failing to respond is then irrelevant.  The grievance policy contemplates the failure of staff to respond; the offender must take the responsibility to proceed as though the grievance had been denied.

Importantly, Steele has not submitted into evidence any grievance appeal that he attempted to lodge but was thwarted in doing so.  The alleged appeal that was rebuffed or ignored does not exist.  The evidence submitted in the Defendant's Motion for Summary Judgment demonstrates that Steele has failed to exhaust his administrative remedies.  Steele's response does not adequately create a genuine issue of material fact or demonstrate that he did indeed exhaust his remedies.  The Defendant is, therefore, entitled to judgment as a matter of law in her favor.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana
Atty. No. 1958-98

By:     */s/ Grant E. Helms*
Grant E. Helms
Deputy Attorney General
Atty. No. 29953-49

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been duly served upon the parties and/or counsel of record listed below, by United States mail, first-class postage prepaid, on January 27, 2014.

Shaun L. Steele
IDOC# 994225
Correctional Industrial Facility
5124 W. Reformatory Road
Pendleton, IN 46064

                                               */s/ Grant E. Helms*
                                              Grant E. Helms
                                              Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6304
Facsimile: (317) 232-6289
E-mail: grant.helms@atg.in.gov