UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| SHAUN STEELE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:13-cv-982-JMS-DKL |
| WENDY KNIGHT Superintendent, | ) | |
| Defendant. | ) | |

**Entry Denying Motion for Summary Judgment
and Directing Further Proceedings**

**I. Background**

Shaun Steele ("Steele") is a state prisoner who at all times relevant to the complaint was confined at the Correctional Industrial Facility ("CIF"). He is currently incarcerated at the Miami Correctional Facility. This action was removed from the Madison Circuit Court. The claims asserted in the complaint were misjoined and various claims were severed. The claim remaining in this action is Claim I, alleging unconstitutional conditions of confinement on December 16, 2011, and July 5, 2012. Specifically, Steele alleges that he was confined in a cell at CIF that had no toilet or sink, and that on those dates, he was not allowed out of his cell to use the restroom for extended periods of time, and he was not given ice or water. The defendant is Superintendent Wendy Knight.

Defendant Knight has filed a motion for summary judgment seeking resolution of the claims against her based on the affirmative defense that Steele failed to exhaust his available administrative remedies prior to filing this action. Steele responded to the motion for summary judgment and the defendant has replied.

For the reasons explained in this Entry, the defendant's motion for summary judgment [dkt. 15] is **denied.**

## II. Discussion

*A.    Legal Standards*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some

orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

"[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) (citations omitted); *Dixon v. Page,* 291 F.3d 485, 488 (7th Cir. 2002) (the PLRA requires exhaustion "even if the [grievance] process could not result in a prisoner's desired form of relief").

"Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole,* 438 F.3d at 809.

### B. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c), the following facts, construed in the manner most favorable to Steele as the non-movant, are undisputed for purposes of the motion for summary judgment:

The Indiana Department of Correction ("IDOC") grievance policy includes three steps: an informal complaint; a formal, written grievance; and an appeal. These three steps are all required to be completed before an offender has exhausted the grievance process. An offender who is satisfied with the result of a grievance at any step need not continue with the process.

Steele's allegations stem from lockdowns occurring at various points in time, including December 16, 2011, and July 5, 2012. Steele submitted a grievance, #72499, about the conditions of confinement at issue in this lawsuit on July 5, 2012. In that grievance, Steele complained that after waking up at 8:30 a.m., he pushed the button on his cell a few times during the day, asking to be allowed to use the restroom. His dorm was on lockdown, and it was about 92 degrees in his cell. He was not let out until around 4:40 p.m. to get water and use the restroom.

The facility accepted Steele's grievance. The facility responded to Grievance # 72499 by denying it and informing Steele that the remedy sought through the grievance, providing sinks, toilets, and air conditioning for offender cells, was beyond the scope of the grievance process. IDOC policy provides that no grievance or appeal will be rejected because an offender seeks an improper or unavailable remedy. If they had been warranted, the remedies that could have been provided to Steele include instruction to correctional staff on restroom procedures, adjusting the restroom schedules, providing more water to offenders during lockdown, or generally reviewing procedures for offender restroom breaks and supplies during a lockdown.

Steele gave his appeal to the counselor in his dorm, but he never received a response to his appeal. The defendant has no record of the appeal.

*C. Analysis*

The defendant contends that Steele failed to submit a written appeal of the response to his grievance and therefore failed to complete the three step process. As noted, however, Steele states in his sworn statement that he submitted an appeal.

The defendant also argues that the IDOC contemplates the situation when an offender files a grievance but does not receive a response within the appropriate timeframe, noting that the offender is then supposed to file an appeal as though the grievance had been denied. Steele, however, does not contend that he did not receive a response to his written grievance at the second step. The parties agree that Steele received a response to his grievance. Therefore, the provision in the policy invoked by the defendant is not applicable. Steele asserts that he did not receive a response to his appeal, however, if Steele did submit an appeal, he completed the exhaustion process as to the allegations of what occurred on July 5, 2012.[1]

---

[1] Steele further argues that he went above and beyond the grievance process by writing letters to the Commissioner of the IDOC and to the Ombudsman. He also filed a tort claim notice on his claim that at times he has been locked in his cell and not allowed to use the restroom during count when the prison is on lockdown. These letters and notices, however, do not supplement or replace the grievance process. Filing a tort claim notice is a necessary prerequisite to filing a state law claim against a governmental entity, but it does not substitute for the requirement to exhaust available administrative remedies before bringing a civil rights claim in federal court. *See Pettiford v Hamilton,* 1:07-cv-675-DFH-TAB, 2008 WL 4083171, *3 (S.D. Ind. Sept. 3, 2008) ("Filing a Notice of Tort Claim is not a substitute for complying with the administrative process….").

The defendant does not assert that Steele failed to exhaust any claim concerning his December 16, 2011, allegations.[2] The failure to exhaust administrative remedies defense is therefore waived with respect to Steele's December 16, 2011, allegations.

Steele has shown that a genuine issue exists as to whether he exhausted his available administrative remedies with respect to the July 5, 2012, incident. Under these circumstances, the defendant has not met her burden of showing that Steele failed to exhaust his available administrative remedies.

### III. Conclusion

For the reasons explained above, the motion for summary judgment filed by the defendant [dkt. 15] is **denied.**

### IV. Further Proceedings

As noted above, the failure to exhaust affirmative defense has been waived as to Steele's December 16, 2011, claim, and a genuine issue of material fact exists as to whether Steele exhausted his administrative remedies with respect to the July 5, 2012, claim. The defendant shall have **through August 11, 2014,** in which to report whether she wishes to withdraw the affirmative defense of failure to exhaust administrative remedies with respect to the July 5, 2012, incident. If the affirmative defense is withdrawn, the parties will be allowed time to conduct discovery and to file any further dispositive motion on the merits.

---

[2] Steele asserts that he submitted a written grievance on December 19, 2011, alleging that when the prison was on lockdown for count, he pushed his cell button to inform an officer that he needed to use the restroom, but the officer would not allow him out and told him to urinate in a bottle. The defendant's records show that a formal grievance, #69560, was received on December 20, 2011.

If the defendant does not wish to withdraw the defense as to the July 5, 2012, claim, because the issue is contested, the Court will set the matter for a hearing on exhaustion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) before the merits can be addressed.

**IT IS SO ORDERED.**

Date: 07/15/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun L. Steele
994225
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

Electronically registered counsel