UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAUN STEELE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-982-JMS-DKL |
| WENDY KNIGHT Superintendent, | ) |
| Defendant. | ) |

**Entry Denying Motion to Amend Complaint**

The claim currently remaining in this action is Claim I, alleging unconstitutional conditions of confinement on December 16, 2011, and July 5, 2012. Specifically, Steele alleges that he was confined in a cell at the Correctional Industrial Facility that had no toilet or sink, and that on those dates, he was not allowed out of his cell to use the restroom for extended periods of time, and he was not given ice or water. The defendant is Superintendent Wendy Knight.

The plaintiff now seeks leave to amend his civil rights complaint. In his proposed amended complaint, filed on January 6, 2015, the plaintiff names four additional defendants: 1) the Correctional Industrial Facility ("CIF"); 2) Internal Affairs Officer Matthew Johnson; 3) Dale Flemming, Program Director of the Therapeutic Community ("TC"); and 4) Sgt. Peters. He alleges violations of the Eighth and Fourteenth Amendments and asserts state tort claims of negligence. He seeks compensatory and punitive damages and injunctive relief.

When reviewing a motion to amend, the Court considers factors such as undue delay, bad faith, dilatory motive, undue prejudice to the defendants, and futility. *King v. Gramer,* 763 F.3d 635, 644 (7th Cir. 2014). For the reasons explained below, the motion to amend the complaint [dkt. 45] must be denied.

**Claim Against the CIF**

As the Court noted in the screening entry of June 28, 2013, the CIF is a structure, not a "person" for purposes of 42 U.S.C. § 1983. Therefore, it would be futile to add a claim against the CIF.

**Claim Against Sgt. Peters**

The proposed claim against Sgt. Peters is that on December 16, 2011, he refused to allow the plaintiff to use the restroom even though the plaintiff had told him that he needed to defecate. The same facts and circumstance were alleged in the original complaint and the plaintiff was aware of Sgt. Peters' identity at that time, but he chose not to name him as a defendant. (Dkt. 1-1, p. 23). The original complaint was filed on April 23, 2013 (in Madison Circuit Court). The deadline to amend pleadings in this action was September 5, 2014. (Dkt. 36). The plaintiff has provided no explanation as to why he could not meet that deadline and why it took him almost 21 months to seek leave to assert a claim against this defendant, whose identity was known. The plaintiff's motion to amend the complaint by adding a claim against Sgt. Peters is denied because of the plaintiff's undue delay.

**July 5, 2012 Claim**

The next proposed claim is that on July 5, 2012, the plaintiff was confined in his hot cell from 8:30 a.m. until 5 p.m. without being allowed to go to the restroom or get water. This claim is already part of the case.

**November 22, 2013 Claim Against Flemming and Johnson**

The final proposed claim is that on November 22, 2013, after being awakened by staff at approximately 7:00 a.m., the plaintiff was told to line up for a drug screening urine test. Defendants Flemming and Johnson allegedly forced him to either hold his urine past the point of pain or else

receive a conduct report. These claims do not belong in this case. Defendants "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. The circumstances alleged in such claims are different in time and personnel. It would be futile to allow these claims to proceed in this action because they are misjoined and belong in separate lawsuits.

For the above reasons, the motion to amend [dkt. 45] is **denied.**

**IT IS SO ORDERED.**

Date: January 22, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun L. Steele
994225
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

Electronically registered counsel