## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAUN STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-982-JMS-DKL |
| | ) | |
| WENDY  KNIGHT Superintendent, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion for Clarification and Reconsideration, Setting Forth Claims, and Directing Further Proceedings and Service of Process**

The plaintiff's motion for clarification of claims and to reconsider ruling, filed on February 26, 2015, has been considered. Both components of the motion [dkt. 51] are **granted to the extent consistent with the following:**

**Motion to Reconsider Denial of Motion to Amend**

The plaintiff's motion to reconsider the Court's denial of his motion to amend is granted with respect to claims asserted against defendants Sgt. Peters, Officer Matthew Johnson, and Dale Flemming, because the claims asserted against those defendants involve the same legal issues as other claims in this action, and in the interest of judicial economy, those claims should be in the same action. Claims against these three individuals shall be added to this action. After receiving service of process, these defendants shall respond to the claims as set forth in this Entry. The Clerk is **ORDERED** to docket the proposed amended complaint [dkt. 45-1] as a new docket entry. Consistent with the clarification provided below, it shall be considered the operative complaint.

## Motion for Clarification and Dismissal of Claim for Injunctive Relief

The plaintiff contends that the Court has not been taking into consideration that the cruel and unusual conditions of confinement that he complains about "span from the day that he arrived the Correctional Industrial Facility ("CIF") in November of 2010 until the day he left in February of 2014." His complaint was filed on April 23, 2013, in Madison Circuit Court and was removed to this Court on June 19, 2013.

The plaintiff argues that although he alleged specific certain dates when the conditions were extreme because the lockdown periods were long, his complaint speaks of ongoing conditions of cruel and unusual punishment. The plaintiff urges the Court to construe his complaint as complaining of not just a couple of instances, but of his being locked in a cell with no toilets or sinks on and off for 39 months. He wants to have his complaint read more broadly.

The plaintiff further states that he is seeking injunctive relief in the form of a new policy allowing inmates access to restrooms at the CIF. The fact that the plaintiff sought injunctive relief is no longer relevant to this action, however, because any claim for injunctive relief became moot at the time he was transferred to a different facility. The plaintiff does not have standing to seek injunctive relief on behalf of other or future inmates at the CIF, as he intended to do. Accordingly, the claim for injunctive relief is **dismissed as moot.**

*The Court discerns the claims alleged in the amended complaint to be as follows:*

On or about December 16, 2011, Sgt. Peters refused to allow the plaintiff to use the restroom even though the plaintiff had told him that he needed to defecate, in violation of the Eighth Amendment to the Constitution. This action caused extreme pain, discomfort, and emotional distress.

On or about November 22, 2013, Dale Flemming and Officer Matthew Johnson forced him to either hold his urine past the point of pain or else receive a conduct report, in violation of the Eighth Amendment to the Constitution. These actions have caused pain, discomfort, and emotional distress.

As a result of policies put into place by Superintendent Wendy Knight, throughout his confinement at the Correctional Industrial Facility, the plaintiff was not provided reasonable access to restroom facilities, sinks, and drinking water. As a result of policies put into place by Superintendent Wendy Knight, the plaintiff was forced to urinate and defecate in containers, he was forced to eat and rest in a cell with the smell of feces in the air, and he was not able to wash his hands before he ate. Superintendent Knight ordered extended lockdown of the prison at times, including but not limited to January 20, 2011, through January 27, 2011, December 16, 2011, and November 22, 2013, without making alternative provisions for adequate access to restroom facilities and water. Superintendent Knight ordered that no inmate have a key to his cell and had all trash cans removed from the cells, thereby removing one possible container for restroom use. Superintendent Knight also failed to provide proper air circulation and ventilation, resulting in extreme heat when locked in a cell at times including July 5, 2012. Superintendent Knight required two inmates to live in a less than 30 square foot cell that was designed for one man, making the lack of toilet facilities and lack of ventilation even more uncomfortable. Plaintiff claims these conditions violated the Eighth Amendment to the Constitution and caused extreme pain, discomfort, and emotional distress.

The plaintiff also asserts state law claims of gross negligence and negligence against each defendant. The plaintiff seeks compensatory and punitive damages. These claims are asserted against all four defendants in their individual policies.

The claims *as discerned above* shall proceed. If the plaintiff believes that the Court has misconstrued or failed to include any particular claim, he shall have **through April 20, 2015,** in which to **file any objection** to the claims as stated in this Entry.

### Directing Service of Process

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on defendants Sgt. Peters, Dale Flemming, and Officer Matthew Johnson in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the Amended Complaint, (dkt 45-1), applicable forms, and this Entry.

**IT IS SO ORDERED.**

Date: <u>April 6, 2015</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Shaun L. Steele, 994225, MIAMI CORRECTIONAL FACILITY, Inmate Mail/Parcels, 3038 West 850 South, BUNKER HILL, IN 46914

Electronically registered counsel

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**