IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAUN L. STEELE, | : | |
| Plaintiff, | : | CASE NO. 1:13-CV-00982-JMS-DKL |
| v. | : | District Judge: Jane Magnus-Stinson<br>Magistrate Judge: Denise K. LaRue |
| WENDY KNIGHT, et al., | : | |
| Defendants. | : | |

### DEFENDANT R. DALE FLEMING'S ANSWER TO PLAINTIFF'S AMENDED CIVIL COMPLAINT (DOC. 62)

**COMES NOW** R. DALE FLEMING, ("Defendant"), by counsel, and for his Answer to Plaintiff's Amended Civil Complaint (Doc. 62), admits, denies, and asserts the following:

### INTRODUCTION

Defendant denies that he violated Plaintiff's constitutional rights or any other rights. Defendant denies that he was deliberately indifferent, negligent, or grossly negligent in any way toward Plaintiff. Defendant denies any remaining allegations in this paragraph.

### JURISDICTION

1-2. Defendant does not contest this Court's jurisdiction. Defendant denies that he violated Plaintiff's constitutional rights or any other rights.

### GRIEVANCE PROCEDURE

3. Defendant denies that Plaintiff exhausted his administrative remedies prior to filing suit.

4. Defendant denies that Plaintiff exhausted the tort claim process as required by the Indiana Tort Claims Act.

450319v.1

## PARTIES

5. Defendant admits the allegations in this paragraph.

6. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs.

7. Defendant admits that he is currently the Therapeutic Community Program Director at CIF. Defendant denies the remaining allegations in this paragraph. Defendant specifically denies that he violated Plaintiff's constitutional rights or any other rights.

8. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs.

9. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs.

10. Defendant admits that the allegations in Plaintiff's complaint occurred at CIF. Defendant denies that the "incidents" occurred as Plaintiff alleges.

## FACTS OF THE CASE

### PART A
### Background Information

11-17. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs that do not pertain to him and Plaintiff is left to his proofs. To the extent these paragraphs allege wrongdoing by Defendant, they are denied.

### PART B
### No Toilets and Sinks

18-28. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs that do not pertain to him and Plaintiff is left to his proofs. To the extent these paragraphs allege wrongdoing by Defendant, they are denied.

## PART C
### January 27th, 2011

29-32. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs that do not pertain to him and Plaintiff is left to his proofs. To the extent these paragraphs allege wrongdoing by Defendant, they are denied.

## PART D
### December 16th, 2011

33-39. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs that do not pertain to him and Plaintiff is left to his proofs. To the extent these paragraphs allege wrongdoing by Defendant, they are denied.

## PART E
### July 5th, 2012

40-57. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs that do not pertain to him and Plaintiff is left to his proofs. To the extent these paragraphs allege wrongdoing by Defendant, they are denied.

## PART F
### November 22nd, 2013

58. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

59. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. Defendant denies that Plaintiff did not have access to use the restroom during the night. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

60. Defendant denies the allegations in this paragraph.

61. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

62. Defendant admits that the inmates were brought to the gym area for drug testing. Defendant denies that he was involved in the instructions given. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

63. Defendant denies the allegations in this paragraph. Defendant specifically denies that the decision to drug screen the entire dorm was made by him.

64. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

65. Defendant admits that inmates were drug screened two at a time. Defendant denies any insinuation that Plaintiff would have been forced to hold his urine for 13 hours. Defendant denies the remaining allegations in this paragraph.

66. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. Defendant denies that Plaintiff had been forced to hold his urine all night. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

67. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. Defendant denies that Plaintiff asked him if he could use the restroom. Defendant denies that he told Plaintiff that if he urinated before he was tested it would be an admission of guilt. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

68. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. Defendant denies that Plaintiff asked him if he could go ahead and take his test. Defendant denies that he told Plaintiff that he could not cut in line. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

69. Defendant admits that on a daily basis, count time is 10:00 AM.

70. Defendant denies the allegations in this paragraph.

71. Defendant admits that Plaintiff came to him and admitted he was using opiates. Defendant denies the remaining allegations in this paragraph.

72. Defendant denies the allegations in this paragraph.

73. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

74. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. Defendant denies that Plaintiff was kicked out of the program. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

75. Defendant admits that Plaintiff was given a conduct report by custody staff but was allowed to remain in the program. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

76. Defendant denies the allegations in this paragraph. Defendant specifically denies that he tortured or tricked Plaintiff or anyone else.

77.     Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to him and Plaintiff is left to his proofs. Defendant denies that Plaintiff had been "clean for over two years," as Plaintiff admitted to Defendant that he used opiates. Defendant denies the remaining allegations in this paragraph.

78.     Defendant admits that Plaintiff was removed from the program by the internal affair department on December 9, 2013 due to Plaintiff threatening his peers. Defendant denies that Plaintiff received a "false dirty drug screen." Defendant denies the remaining allegations in this paragraph.

## CAUSE OF ACTION

79.     Defendant denies the allegations in this paragraph.

80-90.  Defendant lacks sufficient information to admit or deny the allegations in these paragraphs that do not pertain to him and Plaintiff is left to his proofs. To the extent these paragraphs allege wrongdoing by Defendant, they are denied. Defendant specifically denies that he violated Plaintiff's constitutional rights or any other rights. Defendant further denies that he was negligent or grossly negligent. Defendant denies that he forced Plaintiff to hold his urine or else receive conduct reports.

## REQUEST FOR RELIEF

91-105. Defendant denies the allegations in these paragraphs. Defendant specifically denies that Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages, punitive damages, nominal damages, attorneys' fees, or any other form of relief whatsoever. Defendant denies that he violated Plaintiff's constitutional rights or any other rights.

## GENERAL DENIAL

Defendant denies any and all allegations to which he has not specifically admitted.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury as to all issues to triable.

## AFFIRMATIVE DEFENSES

For his Additional Defenses, Defendant states the following:

1. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

2. Plaintiff has not been denied any rights protected by the United States Constitution, the United States Code, or Indiana law.

3. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint fails to state a claim upon which relief can be granted against this Defendant.

4. Defendant denies that the Plaintiff has suffered any cognizable injuries or damages as a result of any acts or omissions on the part of this Defendant.

5. Defendant avers that any injury, damage, or loss alleged by the Plaintiff was the result of pre-existing medical conditions or incidents that occurred prior to or subsequent to any act or conduct of this Defendant.

6. Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. Defendant reserves the right to withdraw this defense after full examination of Plaintiff's grievance records.

7. Plaintiff has failed to exhaust his claims under the Indiana Tort Claims Act, and his state law negligence and gross negligence claims are barred.

8. Defendant pleads the affirmative defenses of contributory negligence and assumption of risk.

9. Defendant is not responsible for the policies and procedures of the Indiana Department of Corrections.

10. Plaintiff has failed to mitigate his own damages.

11. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from a defendant which is entitled to immunity.

12. The Plaintiff's Complaint fails to state a claim for which relief can be granted as to punitive damages.

13. Defendant asserts that an award of punitive damages in this action would violate this Defendant's state and federal constitutional rights and punitive damages should be dismissed from this action.

14. Defendant reserves his right to amend the affirmative defenses and to add new affirmative defenses in the event future discovery reveals the existence of or need for such.

WHEREFORE, Defendant R. DALE FLEMING prays that the Plaintiff take nothing by way of his Complaint; that judgment be entered in Defendant's favor for the costs of this action; and for all other just and proper relief.

This 4th day of June 2015.

                                                Respectfully submitted,

                                                s/Jeb A. Crandall
                                                JEB A. CRANDALL (#26323-49)
                                                *Attorney for Defendant R. Dale Fleming*

Jeb A. Crandall, #26323-49
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Boulevard, Suite 420
Indianapolis, Indiana 46250-4365
Phone: (317) 567-2222
Fax: (317) 567-2220
E-Mail: jeb@bleekedilloncrandall.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>Lakesha D. Triggs
>INDIANA ATTORNEY GENERAL
>302 West Washington Street
>Indiana Government Center South
>Fifth Floor
>Indianapolis, IN 46204

I hereby certify that on June 4, 2015, a copy of the foregoing was mailed, by first class mail U.S. Mail, postage prepaid and properly addressed to the following:

>Shaun L. Steele, 994225
>Miami - CF
>MIAMI CORRECTIONAL FACILITY
>Inmate Mail/Parcels
>3038 West 850 South
>Bunker Hill, IN 46914

                                            s/ Jeb A. Crandall