UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SHAUN STEELE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No.: 1:13−CV−00982−JMS−DKL |
| WENDY KNIGHT, CORRECTIONAL INDUSTRIAL FACILITY, DALE FLEMMING, MATTHEW JOHNSON, SGT. PETERS, | ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS' MATTHEW JOHNSON AND SGT. PETERS'S ANSWER TO PLAINTIFF'S AMENDED CIVIL COMPLAINT (DOC 62)

Defendants Matthew Johnson and Sgt. Jeff Peters ("Defendants"), by counsel, LaKesha D. Triggs, Deputy Attorney General for their answer to Plaintiff's Amended Civil Complaint state:

### INTRODUCTION

Defendants admit that Plaintiff has brought a civil rights action under 42 U.S.C. § 1983, but deny the remaining allegations in this paragraph of the Complaint.

### JURISDICTION

1-2. Defendants do not contest this Court's jurisdiction, but expressly deny any wrongdoing.

### GRIEVANCE PROCEDURE

3. Defendants deny the allegations in this paragraph.

4. Defendants deny the allegations in this paragraph.

### PARTIES

5. Defendants admit the allegations in this paragraph.

1

6. Defendants lack sufficient information to admit or deny the allegations in this paragraph that do not pertain to them. To the extent this paragraph alleges wrongdoing by Defendants, it is denied.

7. Defendants lack sufficient information to admit or deny the allegations in this paragraph that do not pertain to them. To the extent this paragraph alleges wrongdoing by Defendants, it is denied.

8. Defendant Matthew Johnson admits that he was working in Internal Affairs at CIF at all times relevant in this action. Defendant Johnson denies the remaining allegations in this paragraph.

9. Defendant Sgt. Peters was a sergeant at CIF at all times relevant in this action. Defendant Peters denies the remaining allegations in this paragraph.

10. Defendants admit that the allegations in Plaintiff's complaint occurred at CIF. Defendants expressly deny any wrongdoing.

## **FACTS OF THE CASE**

PART A
Background Information

11. Defendants admit the allegations in this paragraph.

12. Defendants admit the allegations in this paragraph.

13. Defendants admit the allegations in this paragraph.

14. Defendants admit the allegations in this paragraph.

15. Defendant Johnson admits that Knight ordered all trash cans removed from the cells because the inmates were using the trash cans as washing machines which can cause a security hazard. Defendant Johnson denies the remaining allegations in this paragraph.

16. Defendant Johnson admits the allegations in this paragraph. Defendant Peters lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies them.

17. Defendant Johnson admits that Wendy Knight ordered that all the windows have perforated steel cages for security reasons. Defendant Johnson denies the remaining allegations in this paragraph. Defendant Peters lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies them.

PART B
No Toilets and Sinks

18. Defendants admit the allegations in this paragraph.

19. Defendants admit that the cells do not have toilets and sinks. Defendants expressly deny any wrongdoing.

20. Defendants admit the allegations in this paragraph.

21. Defendants deny the allegations in this paragraph.

22. Defendants deny the allegations in this paragraph.

23. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them.

24. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them.

25. Defendants admit that staff would write conduct reports for inmates urinating or defecating in cells, but deny the remaining allegations in this paragraph.

26. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them.

27. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them.

28. Defendants admit that the policy at CIF instructs staff to not allow any inmates out of their cell to use the restroom until count is completely done unless there is an emergency. Defendants deny the remaining allegations in this paragraph.

## PART C
### January 27th, 2011

29-32. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them.

## PART D
### December 16th, 2011

33-35. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them.

36. Defendant Peters lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

37. Defendant Peters lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

38. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them.

39. Defendants admit that the policy of CIF instructs staff to not allow any inmates out of their cell to use the restroom until count is completely done unless there is an emergency.

## PART E
### July 5th, 2012

40-57. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them.

PART F
November 22nd, 2013

58-78. Defendant Peters lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

58. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

59. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

60. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

61. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

62. Defendant Johnson admits the allegations in this paragraph.

63. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them

64. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

65. Defendant Johnson admits that the facility started drug screening five inmates at a time which at this rate, it would have taken approximately four hours to complete.

66. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

67. Defendant Johnson admits that Plaintiff was told that if he urinated before he was tested it would be an admission of guilt. Defendant Johnson denies the remaining allegations in this paragraph.

68. Defendant Johnson denies the allegations in this paragraph.

69. Defendant Johnson admits the allegations in this paragraph.

70. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

71. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

72. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

73. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

74. Defendant Johnson admits that if an inmate refuses to submit to a drug test, he would receive a conduct report and be removed from the TC program that day.

75. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

76. Defendant Johnson denies the allegations in this paragraph.

77. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

78. Defendant Johnson lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

## **CAUSE OF ACTION**

79. Defendants admit the allegations in this paragraph.

80-90. Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny them. To the extent these paragraphs allege wrongdoing by Defendants, they are denied.

## **REQUEST FOR RELIEF**

91-105. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## **DEFENDANTS' GENERAL DENIAL AND RESERVATION OF RIGHTS**

1. Any allegation not specifically admitted or denied by Defendants is hereby denied.

2. Defendants reserve any and all rights they may have to amend their answer as the case progresses.

## **STATEMENT OF DEFENSES**

Without waiving any additional defenses at law or equity, Defendants state as follows for their defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendants are entitled to qualified immunity from damages because their actions did not violate federal rights objectively and clearly established at the time they acted or failed to act.

3. Plaintiff's rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any alleged action, inaction, or omission of Defendants.

4. Certain Defendants are not persons subject to suit under 42 U.S.C. § 1983.

5. Plaintiff has failed to fulfill the statutory prerequisites under the Indiana Tort Claims Act for bringing this suit.

6. Defendants are immune from suit under the Indiana Tort Claims Act.

7. Plaintiff has failed to exhaust available administrative remedies.

8. Defendants respectfully reserve any and all rights they may have to raise additional defenses as discovery in this cause continues or as justice so requires.

WHEREFORE, Defendants request that the Plaintiff take nothing by way of his complaint, that judgment be entered for the Defendants and that the Court grant the Defendants all other relief that is just and proper.

Respectfully submitted,

Gregory F. Zoeller
Indiana Attorney General
Attorney No. 1958-98

By: */s/ LaKesha D. Triggs*____
LaKesha D. Triggs
Deputy Attorney General
Atty. No. 27370-49

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 7, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system.

Jeb Adam Crandall
BLEEKE DILLON CRANDALL, PC
jeb@bleekedilloncrandall.com

  Further, I certify that a copy of the foregoing has been duly served upon the party of record listed below by United States mail, first-class postage prepaid, on August 7, 2015:

Shaun Steele
DOC 994225
3038 W. 850 S.
Bunker Hill, IN 46914

                /s/ *LaKesha D. Triggs*
                LaKesha D. Triggs
                Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-6326
Fax: (317) 232-7979
Email: LaKesha.Triggs@atg.in.gov