IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHAUN L. STEELE, | : | |
| Plaintiff, | : | CASE NO. 1:13-CV-00982-JMS-DKL |
| v. | : | District Judge: Jane Magnus-Stinson |
| | | Magistrate Judge: Denise K. LaRue |
| WENDY KNIGHT, et al., | : | |
| Defendants. | : | |

**DEFENDANT R. DALE FLEMING'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DOC. 92)**

Defendant R. Dale Fleming ("Defendant"), by and through counsel, hereby files this reply to Plaintiff's response to Defendant's motion for summary judgment. (Doc. 92). Because Plaintiff has presented no admissible evidence to create a genuine issue of fact regarding whether he grieved the issue from his complaint against Defendant, this Court should grant Defendant's motion for summary judgment.

Defendant presented evidence showing that the grievance procedure was available to Plaintiff at Correctional Industrial Facility ("CIF"), where the drug test occurred, and Miami Correctional Facility ("MCF"), where he was later transferred. (Ex. A, Declaration of Robert Stafford ¶ 7; Ex. B, Declaration of Robin Byrum ¶ 7). Plaintiff has a lengthy and well-documented history of filing grievances at both facilities, and it is clear based on his frequent use that the grievance procedure was available to him and that he knew how to use it. After November 22, 2013 (the date of the drug test at issue), Plaintiff filed 15 Formal Grievances at CIF and 7 more Formal Grievances at MCF. (Stafford Decl. ¶ 12; Byrum Decl. ¶ 12; *see also* Ex. D, Inmate

Grievance History Log). Not one of these **22** Formal Grievances involved any incident on November 22, 2013. (Stafford Decl. ¶ 13; Byrum Decl. ¶ 13; *see also* CIF Grievance Records, attached at Exhibit E). Defendant's evidence shows that Plaintiff did not exhaust his claim against Defendant.

In his response, Plaintiff presents an unsworn declaration in which he asserts that he filled out a formal grievance on November 29, 2013 and then submitted a grievance appeal to the grievance coordinator at "central office" after he did not receive a response to his formal grievance. (Doc. 92 at 1-2, 7). Plaintiff alleges that he submitted the formal grievance and wrote a letter to the "Executive Assistant," but he never identifies this individual.[1] (*See, e.g.*, *id.* at 17). He further asserts that he made copies of both documents, but that his copy of the formal grievance was lost during his transfer from CIF to MCF. (*Id.* at 2). He attaches a document purporting to be a grievance appeal dated January 3, 2014 in which he wrote that he never received a response to his Step I grievance. (*See* Doc. 92-1 at 5). There are no signatures at the bottom of this document indicating that it was signed upon receipt by any officer or official. (*See id.*). Plaintiff asserts that he had written a number of grievances at CIF that the grievance specialist either never responded to responded late. (Doc. 92 at 2-3). His declaration goes on to make vague allegations of retaliation and statements wholly unrelated to whether he grieved the issue in his complaint. (*See id.* at 3-6).

Plaintiff's Statement of Material Facts in Dispute cites only his unsworn declaration and an unauthenticated grievance document as evidentiary support. (*See id.* at 8-11). He also states that his Exhibits F and T show that he filed grievances that were rejected but that they were not listed on Defendant's Exhibit D, which is the History of Grievances. (*Id.* at 9). He argues that this shows

---

[1] Robert Stafford is the official who receives formal grievances as the Executive Assistant or Office Grievance Administrator. (*See, e.g.*, Doc. 77-5 at 1, 3).

that not every grievance turned in to the grievance specialist is recorded. Plaintiff is incorrect. Plaintiff's Exhibit F involves Grievance 87137. (*See* Doc. 92-1 at 27-28). Plaintiff's Grievance History Log clearly lists this grievance. (*See* Doc. 77-4 at 4). Plaintiff's Exhibit T is a document from Robert Stafford in which he rejected Plaintiff's attempt to file a grievance for failure to comply with Administrative Procedure 00-02-301. (*See* Doc. 92-1 at 73). Because this grievance was rejected and returned it was not logged as a Formal Grievance. (*See* Ex. C, IDOC Grievance Procedure at 18-19, § XIV.B.9). The Indiana Offender Grievance Process states that the Executive Assistant will screen all Formal Grievances and "may reject the grievance form and return it to the offender *unfiled*" if, *inter alia*, the grievance constitutes abuse in that it was not submitted in good faith but is frivolous or retaliatory. (*Id.*) (emphasis added). Because Stafford found that Plaintiff did not suffer from the harm he alleged in that grievance, it was rejected and returned unfiled pursuant to policy. Plaintiff's exhibits do not create a genuine issue of fact regarding whether all grievances submitted to the Grievance Specialist are recorded. Moreover, Plaintiff's argument that the grievance staff does not timely respond to grievances is irrelevant to this case because he alleges he received no response at all, not that a response was late.

It is true that an administrative remedy becomes "unavailable" if prison employees fail to respond to properly filed grievances or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However, Plaintiff's own record of filing at least **22** formal grievances shows emphatically that was not the case here. No reasonable factfinder would believe Plaintiff's bald assertion that, despite his well-documented history of filing grievances that were properly logged and appealed, prison officials failed to log the one grievance containing the issue in his complaint. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted

by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Moreover, Plaintiff has presented no admissible evidence to rebut Defendant's evidence, making Defendant's motion and evidence uncontroverted. Plaintiff's declaration is unsworn and cannot constitute evidence for purposes of summary judgment. A court may not consider an unsworn declaration unless it subjects the declarant to penalties of perjury. *See DeBruyne v. Equitable Life Assur. Soc.*, 920 F.2d 457, 471 (7th Cir. 1990) (citing 28 U.S.C. § 1746). Plaintiff's declaration does not do so, and it cannot be considered. *See id.*; (*see also* Doc. 92 at 7).

Plaintiff also states that he has created an issue of fact because he swore in his amended complaint that he exhausted the grievance procedures. (Doc. 92 at 15). However, the party opposing summary judgment must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Plaintiff's amended complaint is a pleading and does not constitute evidence for purposes of summary judgment. *See id.*; *see also* S.D. Ind. Loc. R. 56-1(e) (providing that "[a] party must support each fact asserted in their brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence"). Plaintiff has not gone beyond the pleadings to present any evidence showing that he has exhausted his administrative remedies.

Nothing in Plaintiff's declaration constitutes admissible evidence, and, even if it did, no reasonable factfinder would believe it. Because the only admissible evidence shows that Plaintiff did not grieve the issue in his complaint, he did not exhaust his administrative remedies and his complaint must be dismissed.

This 17th day of September, 2015.

Respectfully submitted,

4

s/Jeb A. Crandall
JEB A. CRANDALL (#26323-49)
*Attorney for Defendant R. Dale Fleming*

Jeb A. Crandall, #26323-49
Bleeke Dillon Crandall, P.C.
8470 Allison Pointe Boulevard, Suite 420
Indianapolis, Indiana  46250-4365
Phone:  (317) 567-2222
Fax:  (317) 567-2220
E-Mail:  jeb@bleekedilloncrandall.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> Jonathan Paul Nagy
> William Hackl Brainard
> INDIANA ATTORNEY GENERAL
> 302 West Washington Street
> Indiana Government Center South,    Fifth Floor
> Indianapolis, IN 46204

I hereby certify that on September 17, 2015, a copy of the foregoing was mailed, by first class mail U.S. Mail, postage prepaid and properly addressed to the following:

> Shaun L. Steele, #994225
> Miami – CF
> Miami Correctional Facility
> Inmate Mail/Parcels
> 3038 West 850 South
> Bunker Hill, IN  46914

/s/ Jeb A. Crandall