UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHAUN STEELE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Cause No.: 1:13−CV−00982−JMS−DKL |
| | ) |
| WENDY KNIGHT, CORRECTIONAL | ) |
| INDUSTRIAL FACILITY, DALE | ) |
| FLEMMING, MATTHEW JOHNSON, | ) |
| SGT. PETERS, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT WENDY KNIGHT'S ANSWER TO PLAINTIFF'S AMENDED CIVIL COMPLAINT (DOC 62)

Defendant Wendy Knight ("Defendant"), by counsel, William H. Brainard, Deputy Attorney General for their answer to Plaintiff's Amended Civil Complaint state:

### INTRODUCTION

Defendant admits that Plaintiff has brought a civil rights action under 42 U.S.C. § 1983, but deny the remaining allegations in this paragraph of the Complaint.

### JURISDICTION

1-2. Defendants do not contest this Court's jurisdiction, but expressly deny any wrongdoing.

### GRIEVANCE PROCEDURE

3. Defendant denies the allegations in this paragraph.

4. Defendant denies the allegations in this paragraph.

### PARTIES

5. Defendant admits the allegations in this paragraph.

1

6. Defendant lacks sufficient information to admit or deny the allegations in this paragraph that do not pertain to them. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

7. Defendant admits that she is the Superintendent of CIF. To the extent this paragraph alleges wrongdoing by Defendant, it is denied.

8. Defendant admits that Matthew Johnson was working in Internal Affairs at CIF at all times relevant in this action. Defendant denies the remaining allegations in this paragraph.

9. Defendant admits that Sgt. Peters was a sergeant at CIF at all times relevant in this action. Defendant denies the remaining allegations in this paragraph.

10. Defendant admits that the allegations in Plaintiff's complaint occurred at CIF. Defendant expressly denies any wrongdoing.

## **FACTS OF THE CASE**

PART A
Background Information

11. Defendant admits the allegations in this paragraph.

12. Defendant admits the allegations in this paragraph.

13. Defendant admits the allegations in this paragraph.

14. Defendant admits the allegations in this paragraph.

15. Defendant admits that she ordered all trash cans removed from the cells because the inmates were using the trash cans as washing machines which can cause a security hazard. Defendant denies the remaining allegations in this paragraph.

16. Defendant admits the allegations in this paragraph.

17. Defendant admits that she ordered that all the windows have perforated steel cages for security reasons. Defendant lacks sufficient information to admit or deny the allegations in these paragraphs, and therefore denies them.

PART B
No Toilets and Sinks

18. Defendant admits the allegations in this paragraph.

19. Defendant admits that the cells do not have toilets and sinks. Defendant expressly denies any wrongdoing.

20. Defendant admits the allegations in this paragraph.

21. Defendant denies the allegations in this paragraph.

22. Defendant denies the allegations in this paragraph.

23. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

24. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

25. Defendant admits that staff would write conduct reports for inmates urinating or defecating in cells, but deny the remaining allegations in this paragraph.

26. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

27. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

28. Defendant admits that the policy at CIF instructs staff to not allow any inmates out of their cell to use the restroom until count is completely done unless there is an emergency. Defendant denies the remaining allegations in this paragraph.

## PART C
### January 27th, 2011

29-32. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

## PART D
### December 16th, 2011

33-35. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

36. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

37. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

38. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

39. Defendant admits that the policy of CIF instructs staff to not allow any inmates out of their cell to use the restroom until count is completely done unless there is an emergency.

## PART E
### July 5th, 2012

40-57. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

## PART F
### November 22nd, 2013

58-78. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

58. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

59. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

60. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

61. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

62. Defendant admits the allegations in this paragraph.

63. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them

64. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

65. Defendant admits that the facility started drug screening five inmates at a time which at this rate, it would have taken approximately four hours to complete.

66. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

67. Defendant admits that Plaintiff was told that if he urinated before he was tested it would be an admission of guilt. Defendant denies the remaining allegations in this paragraph.

68. Defendant denies the allegations in this paragraph.

69. Defendant admits the allegations in this paragraph.

70. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

71. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

72. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

73. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

74. Defendant admits that if an inmate refuses to submit to a drug test, he would receive a conduct report and be removed from the TC program that day.

75. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

76. Defendant denies the allegations in this paragraph.

77. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

78. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore denies them.

## **CAUSE OF ACTION**

79. Defendants admit the allegations in this paragraph.

80-90. Defendant lacks sufficient information to admit or deny the allegations in this paragraph, and therefore deny them. To the extent these paragraphs allege wrongdoing by Defendants, they are denied.

## REQUEST FOR RELIEF

91-105. Defendant denies that Plaintiff is entitled to any relief whatsoever.

## DEFENDANTS' GENERAL DENIAL AND RESERVATION OF RIGHTS

1. Any allegation not specifically admitted or denied by Defendant is hereby denied.

2. Defendant reserves any and all rights they may have to amend their answer as the case progresses.

## STATEMENT OF DEFENSES

Without waiving any additional defenses at law or equity, Defendant states as follows for their defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant is entitled to qualified immunity from damages because their actions did not violate federal rights objectively and clearly established at the time they acted or failed to act.

3. Plaintiff's rights, privileges, and immunities secured under the Constitution or laws of the United States have not been violated by any alleged action, inaction, or omission of Defendants.

4. Certain Defendants are not persons subject to suit under 42 U.S.C. § 1983.

5. Plaintiff has failed to fulfill the statutory prerequisites under the Indiana Tort Claims Act for bringing this suit.

6. Defendant is immune from suit under the Indiana Tort Claims Act.

7. Plaintiff has failed to exhaust available administrative remedies.[1]

---

[1] The other two defendants in this matter employed by IDOC, Matthew Johnson and Sgt. Peters, have been instructed to develop this affirmative defense by October 9, 2015. Said development will pertain to Superintendent Knight as well as defendants Johnson and Sgt. Peters.

8. Defendant respectfully reserve any and all rights they may have to raise additional defenses as discovery in this cause continues or as justice so requires.

WHEREFORE, Defendant requests that the Plaintiff take nothing by way of his complaint, that judgment be entered for the Defendant and that the Court grant the Defendant all other relief that is just and proper.

    Respectfully submitted,

    Gregory F. Zoeller
    Indiana Attorney General
    Attorney No. 1958-98

By:   */s/ William H. Brainard*
    William H. Brainard
    Deputy Attorney General
    Atty. No. 31904-29

## **CERTIFICATE OF SERVICE**

I hereby certify that on 9/23/2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system.

Jeb Adam Crandall
BLEEKE DILLON CRANDALL, PC
jeb@bleekedilloncrandall.com

Further, I certify that a copy of the foregoing has been duly served upon the party of record listed below by United States mail, first-class postage prepaid, on 9/23/2015.

Shaun Steele
DOC 994225
3038 W. 850 S.
Bunker Hill, IN 46914

/s/ *William H. Brainard*_____
William H. Brainard
Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South – 5th Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
Phone: (317) 232-7192
Fax:    (317) 232-7979
Email:  William.Brainard@atg.in.gov